## 68254. SMALLWOOD v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of possession of more than one ounce of marijuana in violation of the Georgia Controlled Substances Act. On appeal he contends error in denial of his motion to suppress.

Julian McCamey owned 772 acres of land in Coweta County; he leased two houses and a barn on the land to Ron Smallwood. The lease covered only the houses and barn, and the immediate "manicured" area around them. Ronnie Thompson, a GBI agent, received information that a large amount of marijuana was growing in the area adjacent to the area leased by Smallwood. Thompson obtained permission from McCamey to enter his land and search for the marijuana; in a search the next day about 200 marijuana plants were found growing in a wooded area near the Smallwood house. Thompson and other agents returned several days later and observed appellant watering and fertilizing each plant in one of the marijuana stands. When the agents returned a third time they unexpectedly encountered appellant and arrested him. At no time did the agents enter the area leased by Smallwood.

Smallwood's mother testified that the house was rented with the understanding that they would keep trespassers off McCamey's property.

Appellant contends that because they were caretakers of McCamey's property and the property was posted to keep out trespassers, the agents had no authority to enter and search the property without a warrant. He also argues that because the marijuana was not found in an open field, but was hidden in a heavily wooded area, the "open fields" doctrine is not applicable. These contentions are without merit.

The GBI agent testified that he saw no signs on McCamey's property prohibiting trespassing; the only such signs were on property adjacent to the McCamey property belonging to a Mr. Henry. McCamey testified that the Smallwoods were not caretakers of his property, and he verified that he gave the GBI agents permission to enter his land except for the area rented to the Smallwoods. At no time did the agents enter the area rented by the Smallwoods.

Since the agents did not enter property belonging to or under the control of appellant and his family, appellant has no standing to object to a search of McCamey's property. Defendants charged with

crimes of possession may only claim the benefits of the exclusionary rule if their own Fourth Amendment rights have in fact been violated. United States v. Salvucci, 448 U. S. 83 (100 SC 2547, 65 LE2d 619); Cervi v. State, 248 Ga. 325, 327 (2) (282 SE2d 629) (1981). Hence, it was not error to deny appellant's motion to suppress.

*Judgment affirmed. Deen, P. J., concurs. McMurray, C. J., concurs in the judgment only.*

DECIDED JULY 13, 1984 —
REHEARING DENIED JULY 26, 1984 —

*John W. Greer III, John E. Robinson,* for appellant.
*Arthur E. Mallory III, District Attorney, James M. Garcia, Assistant District Attorney,* for appellee.